**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| CHARLES WOMBA HOLMES,<br>TDCJ #01724919, | § § § | |
| Plaintiff, | § § | |
| vs. | § | CIVIL ACTION NO. H-19-4445 |
| DETECTIVE JOHN POLLOCK, | § § § | |
| Defendant. | § § § | |

## MEMORANDUM AND ORDER OF DISMISSAL

The plaintiff, Charles Womba Holmes (TDCJ #01724919), is currently incarcerated

in the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ").

Holmes has filed a civil rights complaint under 42 U.S.C. § 1983 against Detective John

Pollock of the Brazos County Sheriff's Department, seeking monetary damages in

connection with his arrest and subsequent conviction for sexual assault of a child. *See*

*Holmes v. State*, No. 10-11-00309-CR, 2012 WL 5295148 (Tex. App. — Waco Oct. 25,

2012, pet. ref'd) (affirming the conviction). In particular, Holmes contends that Detective

Pollock failed to get a warrant before obtaining a recorded telephone conversation between

Holmes and his "ex-stepdaughter," whom he was convicted of sexually assaulting, in

violation of state and federal wiretapping laws. Holmes has filed a motion for leave to

proceed *in forma pauperis* in this case (Docket Entry No. 2). Because Holmes is not

eligible to proceed *in forma pauperis*, his motion will be denied and this case will be

dismissed for reasons set forth briefly below.

Because the plaintiff is incarcerated this civil action is governed by the Prison Litigation Reform Act (the "PLRA"), 28 U.S.C. § 1915A, which was enacted, in part, to prevent prisoners from abusing the privilege of proceeding *in forma pauperis*. *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996), *abrogated on other grounds by Coleman v. Tollefson*, 135 S. Ct. 1759, 1762-63 (2015). Under the PLRA courts are required to scrutinize the pleadings and dismiss the case, in whole or in part, if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A; *see also* 28 U.S.C. § 1915(e)(2)(B) (listing the same grounds). Under the "three-strikes" rule established by the PLRA, a prisoner is not allowed to bring a civil action *in forma pauperis* in federal court if, while incarcerated, three or more of his civil actions or appeals have been dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown v. Megg*, 857 F.3d 287, 290-91 (5th Cir. 2017). To fit within the exception, a prisoner must demonstrate that imminent danger of serious physical injury exists at the time the plaintiff seeks to file his complaint. *See Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998).

Court records reflect that Holmes has filed four previous civil actions against Detective Pollock, raising nearly identical claims. Three of those lawsuits were dismissed for failure to state a claim upon which relief could be granted under 42 U.S.C. § 1983, including: (1) *Holmes v. Pollock*, Civil Action No. H-16-cv-1622 (S.D. Tex. June 6, 2016);

(2) *Holmes v. Pollock*, Civil Action No. H-16-3284 (S.D. Tex. Nov. 14, 2016); and (3) *Holmes v. Pollock*, Civil Action No. H-16-3521 (S.D. Tex. Jan. 24, 2017). A fourth lawsuit was dismissed as barred by the three-strikes rule found in § 1915(g). *See Holmes v. Pollock*, Civil Action No. H-18-1121 (S.D. Tex. April 17, 2018). In that case, Holmes was also expressly warned that he would face sanctions, including monetary penalties, if he continued to file repetitive lawsuits of the sort that he has submitted in this present action. *See id.* (Docket Entry No. 9, p. 2).

A complaint may be dismissed as malicious for purposes of the PLRA, 28 U.S.C. § 1915A(b), if it duplicates allegations made in another federal lawsuit by the same plaintiff. *See Pittman v. Moore*, 980 F.2d 994, 994 (5th Cir. 1993) (per curiam); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1987) (per curiam) (observing that "[r]epetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. § [1915(e)(2)(B)] as malicious") (citations omitted). Because Holmes has deliberately disregarded the sanction warning issued against him previously in Civil Action No. H-18-1121 by making claims that mimic those lodged previously against the same defendant, the Court concludes that the pending complaint is subject to dismissal as duplicative, abusive, and malicious. *See, e.g., Wilson v. Lynaugh*, 878 F.2d 846 (5th Cir. 1989) (duplicative claims may be dismissed *sua sponte*).[1]

---

[1] Alternatively, the complaint fails to state a claim for reasons articulated previously in all three of the dismissals entered against Holmes because claims for monetary damages challenging the validity of his criminal conviction, which has not been set aside, are barred by *Heck v. Humphrey*, 512 U.S. 477, 468-67 (1994).

Accordingly, the Court **ORDERS** as follows:

1. The plaintiff's motion for leave to proceed *in forma pauperis* (Docket Entry No. 2) is **DENIED**.

2. The plaintiff's complaint is **DISMISSED** with prejudice as malicious and duplicative pursuant to 28 U.S.C. § 1915A(b).

3. The plaintiff shall pay the full amount of the filing fee for a civil action ($400.00). Officials at the TDCJ Inmate Trust Fund shall place a hold and collect this amount from the plaintiff's inmate trust fund account and forward it to the Clerk when funds are available.

**The Clerk's Office will provide a copy of this order to the plaintiff. The Clerk will also provide a copy of this order to: (1) the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, fax: 512-936-2159; (2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, fax: 936-437-4793; and (3) the Manager of the Three Strikes List for the Southern District of Texas at: Three_Strikes@txs.uscourts.gov.**

SIGNED at Houston, Texas on _____ **NOV 1 8 2019** _____.

_____
ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE

4